**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,     )
    )
    )
       v.     )     ID No. 1211015050
    )
    )
JERMAINE CARTER,     )
    )
    Defendant.     )

**MEMORANDUM OPINION**

In 2009, Defendant entered a plea of guilty but mentally ill to one count of rape in the first degree, one count of rape in the second degree, one count of robbery in the first degree, two counts of kidnapping in the second degree and one count of possession of a firearm during the commission of a felony. The court found him to be guilty but mentally ill and sentenced him to life plus 35 years. Defendant committed several crimes while incarcerated serving this sentence, and plead guilty to one count of assault in a detention facility, for which he was sentenced to eight years as a habitual offender. He now claims that his representation in connection with his charge of assault in a detention facility was ineffective. He does not challenge the convictions leading to his life plus 35 year sentence.

This is Defendant's first Rule 61 motion and it is timely. Consequently, this court appointed counsel for him. On August 21, 2014, appointed counsel moved to withdraw because, in his view, there are no meritorious issues raised

in the proceedings leading to Defendant's latest conviction and sentence. After a careful study of the record the court agrees.

In his *pro se* Rule 61 motion Defendant seems to make two arguments. First he argues his trial counsel was ineffective because counsel told him that if he wished to accept the state's plea offer he should notify counsel's secretary. (Counsel was out of town at the time.) In this connection he also contends that his trial counsel violated his obligation of confidentiality by telling counsel's secretary about his case. Second, Defendant argues that counsel was ineffective because he failed to develop mitigating evidence which could be used at sentencing.

The contention that trial counsel was somehow ineffective because counsel asked Defendant to notify his secretary if Defendant wished to accept the plea offer is frivolous. The notion that trial counsel violated his obligation of confidentiality by telling counsel's secretary about the case is likewise frivolous. Defendant also theorizes that because of these events "it was presumptively impossible for the decision to accept the plea offer to have been knowingly and voluntarily made." The record conclusively established that his plea was knowing, intelligent and voluntary. For example, at his plea cooloquy Defendant acknowledged that:

- He had no difficulty in understanding what was happening in court.

- He was not under the influence of drugs, alcohol or medications.

2

- His trial counsel explained the Plea Agreement and Truth-in-Sentencing forms and that he had an opportunity to ask any questions he had about them.

- He understood those forms.

- He understood that by entering a plea of guilty there would be no trial and that he would waive his constitutional rights, which he agreed were explained to him and he understood.

- The State would file a petition to have him declared an habitual offender, and if the court granted that motion he would be sentenced to a minimum of eight years and a maximum of another life sentence.

- The court was not obligated to accept the State's sentence recommendation of the minimum of eight years (which, in fact the court accepted).

- No one offered him anything in exchange for his plea and no one tried to force or coerce him into entering into the plea.

Near the conclusion of the plea colloquy Defendant admitted committing the offenses. In this regard, he specifically admitted that John Ryan (the victim) was a correctional officer and that he threw urine and feces on Mr. Ryan. In light of this, there is no plausible argument that Defendant's plea was not knowing, intelligent and voluntary.

Defendant's second contention is equally without merit. In *Strickland v. Washington*[1] the United States Supreme Court set out a two-part test to determine whether a defendant was denied effective assistance of counsel.[2] A defendant must demonstrate both that (1) the performance of his counsel was objectively unreasonable and (2) there is a reasonable probability that, but for his counsel's deficient performance, the result of the proceeding would have been different.[3] In many cases "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."[4] This is such a case. Assuming trial counsel failed to develop mitigating evidence, that assumed failure could not have prejudiced Defendant because the court imposed only the minimum mandatory sentence.

For the forgoing reasons, appointed Rule 61 counsel's motion to withdraw is **GRANTED** and Defendant's motion for post conviction relief is **DENIED.**

Date: September 23, 2014

John A. Parkins, Jr.
Superior Court Judge

oc:    Prothonotary

cc:    Daniel B. McBride, Esquire, Wilmington, Delaware
Theopalis K. Gregory Sr., Esquire, Wilmington, Delaware
Jermaine Carter, SBI 419947, JTVCC, Smyrna, Delaware

---

[1]  466 U.S. 668 (1984).
[2]  *Id.* at 687.
[3]  *Id.*
[4]  *Id.* at 697.